**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**David L. BRODSKY, Respondent.**

No. 92–540.

Supreme Court of Iowa.

July 22, 1992.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

David L. Brodsky, Clive, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

HARRIS, Justice.

Our review of this lawyer disciplinary proceeding leaves no doubt of the appropriateness of the disciplinary commission's recommendation of license revocation.

Respondent, David L. Brodsky, was a licensed practicing Iowa attorney on March 23, 1982, when he prepared an inter vivos trust for Virginia L. Dunn. Brodsky was named as cotrustee and acted in that capacity for a number of years, assuming sole responsibility for administering the trust. Because he refused to file an accounting, Brodsky was eventually removed as trustee. The reason he refused to file an accounting became clear; on August 23, 1991, judgment was entered against Brodsky in the amount of $278,635.38, representing the amounts Brodsky fraudulently took from the assets of the Virginia L. Dunn trust.

Brodsky admitted trust funds were received for his personal use. By the time of her death in December 1988, Virginia Dunn had received a total of less than $5000 in distributions. After Virginia Dunn's death, and prior to entry of the $278,635.38 judgment, Brodsky distributed $228,750 to the named trust beneficiaries, claiming this was the amount of assets remaining in the trust.

We previously suspended Brodsky's license for not less than three years as a result of his dishonest use of funds entrusted to him. *Committee on Professional Ethics & Conduct v. Brodsky*, 318 N.W.2d 180, 183 (Iowa 1982). Brodsky was never readmitted to practice.

After this proceeding was forwarded for our review, Brodsky requested to voluntarily surrender his license under court rule 118.15 (disbarment on consent). We decline the offer. Court rule 118.15 provides a voluntary method of revocation by filing an affidavit (not a matter of public record) to be followed by a public order of revocation.

Our refusal to allow the procedure in this case is based on practical considerations. License revocations are ordinarily permanent in Iowa. Indeed our rules spell out no special procedure for applying for readmission by a lawyer whose license has been revoked.

On occasion we nevertheless consider such applications under our inherent power and, in extremely rare cases, have granted them. These rare cases have arisen where, in long retrospect, it appears the need for permanent revocation was debatable, and where there has been a demonstrated reformation on the part of the lawyer so that the public interest would not be compromised by readmission.

We think the facts in the present case should be fully disclosed in a published opinion. The nature of Brodsky's conduct should be readily available if readmission is ever sought.

LICENSE REVOKED.